Wash, J.,
delivered the opinion of the Court.
The defendant in error sued the plaintiff in error in the Circuit Court, by petition and summons, and got judgment, to reverse which the present writ of error is prosecuted. In the Circuit Court the defendant filed a plea, which was demurred to and overruled. On the demurrer the counsel for the defendant attacked the petition; and the question now presented to this Court is, whether the petition be good and sufficient to entitle the plaintiff below to have judgment. The proceedings are founded upon an act of the General Assembly, passed January 17th, 1825, entitled “An Act simplifying proceedings at law for the collection of debts," Rev. Code, p. 620. The petition pursues the form, given in the statute, setting out that “ Mary P. Leduc, administrator of all and singular the goods and chattels, rights and credits which were of Joshua Palen, deceased. Plaintiff states that he holds a note on the defendant, &c. It is insisted by the counsel for the appellant, that the plaintiff’s right to sue as administrator of Palen, is not set out or shown, and that the petition is therefore bad and should have been so adjudged on the plaintiff’s demurrer to the defendant’s plea. It is further insisted by the appellant’s counsel, that an administrator cannot sue by petition and summons, inasmuch as the forms prescribed in the act d'ó not admit of the averments required by law to entitle an administrator to recover in his representative character. To this it is answered by the counsel for the appellee, that the petition and summons law is a highly remedial statute, and was intended to afford a plain and simple remedy in all cases of plain and direct indebtedness evident ced by the writing of the debtor. That the object of the law is broad and comprehensive and its language universal in its application, and provides as well for an administrator as for any other lawful holder of a bond or noté.
We do not feel called upon to decide Whether an administrator may or may not sue by petition and summons. The statute was doubtless intended to be highly remedial and with the proper averments, made in such conformity to the statute, as the nature of the right intended to be asserted under it would admit of or make proper, an administrator would present a strong claim to the equity of the statute. The case under consideration however is a very different one, and the statute simplifying proceedings at law, must not be so construed as to repeal by implication that universal principle at the foundation of all our legal proceedings.
That the plaintiff must show his right to call on the defendant to satisfy or answer his complaint or demand. It may well be that Leduc administered in Illinois or in England so the petition would state the truth; yet it cannot be nretended that administration so obtained would entitle him to sue on the bond *282 as Palen’s legal representative in this State. The judgment is reversed, the cause is remanded.